HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ULYSSES GMBH & CO. KG,

    Plaintiff,

v.

ULYSSESWINDOWS.COM, et al.,

    Defendants.

CASE NO. C18-202 RAJ

ORDER

This matter comes before the Court on Plaintiff's motion for expedited discovery. Dkt. # 7. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

Fed. R. Civ. P. 26(d) provides that absent a court order or other authorization, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." This includes non-parties as well as parties and therefore encompasses subpoenas on non-parties. *See Deuss v. Siso*, No. 14-CV-00710-YGR(JSC), 2014 WL 4275715, at *4 (N.D. Cal. Aug. 29, 2014) (quoting *Villegas v. United States,* No. 12–0001, 2012 WL 1801735, at *8 (E.D. Wash. May 16, 2012)).

Courts have applied a "good cause" standard in evaluating requests for early discovery. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause exists 'where the need for expedited discovery, in consideration

ORDER- 1

of the administration of justice, outweighs the prejudice to the responding party.'" *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (quoting *id.*). In the context of determining whether there is good cause to permit expedited discovery to identify anonymous internet defendants, courts have considered whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 499 (D. Ariz. 2012) (quoting *New Sensations, Inc. v. Does 1-1,474*, No. C11-2770 MEJ, 2011 WL 4407222 at *1 (N.D. Cal. Sept. 22, 2011)); *see also Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

The Court finds that these factors have been met here and that Plaintiff has shown good cause. Plaintiff has identified the Defendants by their domain name and Microsoft Store listing and attempted, unsuccessfully, to ascertain their underlying identities. Plaintiff's proposed mode of expedited discovery is likely to reveal the identities behind UlyssesWindows.com. *See* Dkt. # 7. Moreover, Plaintiff's Complaint states a *prima facie* cause of action for trademark infringement, cybersquatting, and false advertising. *See, generally*, Dkt. # 1 (Complaint).

The Court **GRANTS** Plaintiff's motion for expedited discovery. Dkt. # 7. Plaintiff may subpoena the relevant third-parties pursuant to Federal Rule of Civil

Procedure 45.  The affected third-parties shall have thirty (30) days from the date of service of the subpoena to object to the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(2)(B).  The affected third-parties shall not disclose Defendants' identifying information during the 30-day period or if a timely objection is served unless and until the Court orders it to do so.  If an objection is served, the third-party shall preserve any material responsive to the subpoena for a period of no less than ninety (90) days in order to allow Plaintiff to move for an order compelling production under Federal Rule of Civil Procedure 45(d)(2)(B)(i).  If no objection is served, the third-party shall comply with the subpoena within ten (10) days.

Dated this 31st day of May, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge