The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ULYSSES GMBH & CO. KG, a German limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>ULYSSESWINDOWS.COM, an unknown entity, SUNISOFT, an unknown entity, SHEN MIN, an individual, CATALINA DEL CASTILLO, an individual aka "Catalina DC," MERA INC., an unknown entity, and DOES 1-5<br><br>Defendants. | Case No. 2:18-cv-00202-RAJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR FOREIGN SERVICE OF PROCESS UNDER FRCP(f)(2)(C)(ii) AND FRCP(f)(3)** |

This matter comes before the Court on Plaintiff's Motion for an Order Directing Foreign Service of Process under Rule 4(f)(2)(C)(ii) and Rule 4(f)(3) of the Federal Rules of Civil Procedure (Dkt. # 12). For the reasons discussed below, this motion is **DENIED** without prejudice.

I. **BACKGROUND**

On February 8, 2018, Plaintiff, Ulysses GMBH & CO. KG ("Ulysses" or "Plaintiff") brought this action against Defendants, ULYSSESWINDOWS.COM, an unknown entity, and DOES 1–5, asserting trademark infringement, cybersquatting, and

| | |
|---|---|
| 1 | false advertising claims. Dkt. #1. Plaintiff alleges that Defendants sold and marketed a |
| 2 | software application "Ulysses for Windows" using the domain name |
| 3 | "UlyssesWindows.com" and falsely represented that the app was the "genuine Ulysses |
| 4 | App." Dkt. #1 ¶ 18-31. Early discovery served upon Domain Protection Services, the |
| 5 | privacy registration service used to register the allegedly infringing domain, revealed that |
| 6 | the domain was registered by the account "sunisoft." Dkt. #12. According to records |
| 7 | obtained by Plaintiff, the "sunisoft" account was used by two individuals, Defendant |
| 8 | Shen Min ("Defendant Min") and Defendant Catalina Del Castillo ("Defendant Del |
| 9 | Castillo") to register and renew the allegedly infringing domain. *Id.* Plaintiff also |
| 10 | obtained contact information for each defendant, including postal addresses for |
| 11 | Defendant Min in China and Defendant Del Castillo in Brazil, and e-mail addresses for |
| 12 | both Defendants. *Id.* Plaintiff now seeks leave to serve Defendant Del Castillo by e-mail |
| 13 | and private courier and Defendant Min by e-mail. |

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) allows service of process upon a foreign corporation to be effected "in any manner prescribed for individuals by subdivision [4](f) except personal delivery." Rule 4(f) authorizes several methods for service of process including, an "internationally agreed means of service," or, if there is no "internationally agreed means," a method that is reasonably calculated to give notice. Fed. R. Civ. P. 4(f).

## III. DISCUSSION

A. <u>Service by private courier is prohibited by international agreement</u>

Under Rule 4(f)(2)(C)(ii) a foreign defendant may be served "by a method that is reasonably calculated to give notice[,] unless prohibited by the foreign country's law, by … using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Plaintiff asks the Court for leave to serve Defendant Del Castillo by private courier in Brazil at the address associated with the "sunisoft" account used to register the allegedly infringing domain. Dkt. #12 at 7.

As noted by Plaintiff, Brazil and the United States are both signatories to the Inter-American Convention on Letters Rogatory and Additional Protocol ("Inter-American Convention"), which provides a mechanism for service of documents by a foreign central authority. *Id.* Plaintiff argues that service by private courier to Defendant Del Castillo's address in Brazil does not conflict with the Inter-American Convention. *Id.* Effective June 1, 2019, however, Brazil is also a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). *See* Hague Convention, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638; Hague Conference on Private International Law, Status Table, available at: https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Jul. 15, 2019).[1] China and the United States are also signatories. *See Melnichuk v. Fine Hau Indus. Co.,* 2019 WL 2515181, at *1 (W.D. Wash. June 18, 2019) (internal citation omitted). As a result, the Court must consider whether Plaintiff's proposed method of service violates the Hague Convention.

The Hague Convention requires signatory countries to establish a Central Authority to receive requests for service of documents from other countries and to serve those documents by methods compatible with the internal laws of the receiving state. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–99 (1988). Service through a country's Central Authority is the principal means of service under the Hague Convention. *Id.* Article X of the Convention preserves the ability of parties to effect service through means other than a recipient-nation's Central Authority as long as the recipient-nation has not objected to the specific alternative means of service used. *See* Hague Convention, art. 10, Feb. 10, 1969, 20 U.S.T. 361, T.I.A.S. No. 6638. In signing

---

[1] The record before the Court does not include Brazil's accession to the Hague Convention. Under Federal Rule of Evidence 201, however, the court may take judicial notice, *sua sponte,* of a "fact not subject to reasonable dispute," including international treaties. *See States v. Spector*, 102 F. Supp. 75, 83 (S.D. Cal. 1951), rev'd on other grounds, 193 F.2d 1002 (9th Cir. 1952) (explaining that a court may take judicial notice of extradition treaties between the United States and other countries).

the Convention, however, Brazil expressly rejected service through means enumerated in Article X, including service through postal channels and through its judicial officers. *See* Declaration of Brazil in Connection with the Convention, Hague Convention, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, available at: https://www.hcch.net/en/ instruments/conventions/status-table/notifications/?csid=1399&disp=resdn (last visited Jul. 15, 2019). Accordingly, Plaintiff's proposed method of serving Defendant Del Castillo by private courier under Fed. R. Civ. P. 4(f)(2)(C)(ii) is prohibited by international agreement.

B. <u>Plaintiff has not shown sufficient cause to merit alternative service</u>

Under Fed.R.Civ.P. 4(f)(3), courts have discretion to allow service by alternative means provided the court's method of service comports with constitutional notions of due process and is not prohibited by international agreement. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). A method of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc*., 284 F.3d at 1016, 1017 (quoting *Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950)). Courts have authorized numerous methods of alternative service under Rule 4(f)(3), including service by publication, mail, and e-mail. *Id.* at 1016 (citations omitted). Parties are not required to attempt service by other methods before petitioning the court for alternative service of process, instead it is within the discretion of the district court to determine "when the particularities and necessities of a given case require alternate service of process under rule 4(f)(3)." *Id.* at 1016.

Courts have considered a variety of factors when evaluating whether to grant relief under Rule 4(f)(3) including whether the plaintiff identified a physical address for the defendant, whether the defendant was evading service of process, and whether the plaintiff had previously been in contact with the defendant. *See e.g. Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (authorizing alternative service where

the plaintiff made multiple good faith yet unsuccessful attempts to serve the defendant and the defendant was "striving to evade service of process"); *Liberty Media Holdings, LLC v. Vinigay.com*, 2011 WL 810250 (D. Ariz. Mar. 3, 2011) (allowing alternative service by e-mail where the plaintiff was unable to identify a physical address for the defendant and the plaintiff had previously communicated with the defendant by e-mail); *Sun v. Kao*, 170 F. Supp.3d 1321, 1327 (W.D. Wa. 2016) (permitting alternative service via email where defendant was living in China at an unknown address and plaintiff detailed threat of irreparable harm without expedited service).

    The advisory committee notes to Rule 4 also provide several examples of situations that might merit alternative means of service such as cases of urgency or the failure of a country's Central Authority to effect service within the six-month period provided by the Hague Convention. *See* Fed. R. Civ. P. 4 advisory committee's notes (1993 amendment, subdivision (f)). The advisory notes caution courts to select a method of service that is "consistent with due process and minimizes offense to foreign law." *Id*.

    Plaintiff argues that alternative service should be allowed because service under the Inter-American Convention can be "problematic" and "fruitless." Dkt. # 12 at 9. This alone is insufficient to justify alternative service under Rule 4(f)(3). *U.S. Aviation Underwriters, Inc. v. Nabtesco Corp.*, 2007 WL 3012612, at *2 (W.D. Wash. Oct. 11, 2007) (denying alternative service where the sole basis for the request was to move the case forward in an "expeditious and cost-effective manner"). Plaintiff has identified physical addresses for each of the defendants and there is no evidence that the defendants are attempting to avoid service of process, as in *Rio Properties*. 284 F.3d at 1016. While a plaintiff need not have attempted every possible method of service of process before petitioning the court for alternative relief, it must "demonstrate that the facts and circumstances of the present case necessitate[ ] the district court's intervention." *Id.* at 1016. The Court finds that, at present, Plaintiff has failed to do so.

### IV. CONCLUSION

    For the foregoing reasons, Plaintiff's Motion for an Order Directing Foreign Service

of Process under Rule 4(f)(2)(C)(ii) and Rule 4(f)(3) of the Federal Rules of Civil Procedure (Dkt. # 12) is **DENIED** without prejudice. Plaintiff has 30 days from the date of this Order to serve the Defendants in accordance with Rule 4(f) and the Hague Convention.

DATED this the 29th of July, 2019.

The Honorable Richard A. Jones
United States District Judge